**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ALFRED M.,

                              Plaintiff,

        v.                                              1:19-CV-762
                                                            (DJS)

ANDREW M. SAUL,[1]
*Comm'r of Soc. Sec.*,

                              Defendant.
_____

**APPEARANCES:**                              **OF COUNSEL:**

ALFRED M.
Plaintiff *Pro Se*
Red Hook, NY 12571

U.S. SOCIAL SECURITY ADMIN.         CANDACE LAWRENCE, ESQ.
J.F.K. Federal Building, Room 625       LUIS PERE, ESQ.
15 New Sudbury Street
Boston, MA 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER[2]

     Currently before the Court, in this Social Security action filed by Plaintiff Alfred

M. against the Commissioner of Social Security, are Plaintiff's Motion for Judgment on

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019 and is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 11 & General Order 18.

the Pleadings and Defendant's Motion for Judgment on the Pleadings.  Dkt. Nos. 16 & 18.

For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion for Judgment on the Pleadings is granted.  The Commissioner's decision denying Plaintiff disability benefits is affirmed, and Plaintiff's Complaint is dismissed.

## I.  RELEVANT BACKGROUND

### A.  Factual Background

Plaintiff was born on July 8, 1964, making him 51 years old on the date he applied for disability, and 53 at the date of the ALJ's decision.  Dkt. No. 14, Admin. Tr. ("Tr."), pp. 97 & 234.  Plaintiff reported completing the ninth grade.  Tr. at p. 238. He has past work as a laborer doing construction work.  *Id.*  Plaintiff alleged disability due to chronic lumbar pain and chronic cervical pain.  Tr. at p. 237.

### B.  Procedural History

Plaintiff applied for Supplemental Security Income in February of 2016.  Tr. at pp. 97 & 216-222.  His application was denied.  Tr. at pp. 107-118.  Plaintiff requested a hearing, and a hearing was held on April 9, 2018 before Administrative Law Judge ("ALJ") Laura Michalec Olszewski at which Plaintiff was accompanied by a representative and testified.  Tr. at pp. 41-77.  The ALJ issued a determination on July 2, 2018, finding Plaintiff was not disabled since the date of his application.  Tr. at pp. 15-30.  Plaintiff requested review of the ALJ's determination, and the Appeals Council

denied the request for review on April 26, 2019. Tr. at pp. 1-6. Plaintiff filed his Complaint in this action on June 27, 2019. Dkt. No. 1.

### C. The ALJ's Decision

In her decision, the ALJ made a number of findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 19, 2016, the application date. Tr. at p. 17. Next, the ALJ found that Plaintiff had the severe impairment of degenerative disc disease. *Id.* Third, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 18. Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC")

> To perform light work as defined in 20 CFR 416.967(b). [Plaintiff] can lift and or carry 20 pounds occasionally (10 pounds frequently). He can sit for six hours in an eight-hour workday, stand and or walk for six hours in an eight-hour workday. He can occasionally climb ramps and stairs but should never climb ladders and scaffolds. He can occasionally balance and stoop but never kneel, crouch and crawl. He should avoid reaching overhead but can frequently reach, push and pull in all other directions up to the limits of light work.

*Id.* Fifth, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. at p. 25. The ALJ found that Plaintiff was born on July 8, 1964, and was 51 years old, which is defined as an individual closely approaching advanced age on the date the application was filed, and that he has a limited education and is able to communicate in English. *Id.* The ALJ found that transferability of job skills is not an issue in this case because Plaintiff's past relevant work is unskilled. *Id.* The ALJ found that considering

Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  *Id.*  Sixth, and last, the ALJ concluded that Plaintiff has not been under a disability since February 19, 2016, the date the application was filed.  Tr. at p. 26.

### D.  The Parties' Briefings on Their Cross-Motions

In his Motion for Judgment on the Pleadings, Plaintiff contends that the RFC is not supported by substantial evidence.  Dkt. No. 16, Pl.'s Mem. of Law, pp. 3-4.  In particular, Plaintiff contends that the opinions of John Caruso and Marilyn Miller preclude light work and are consistent with each other, the evidence of record, and Plaintiff's activities of daily living, indicating that Plaintiff cannot stand or walk for six hours out of an eight-hour work day.  *Id.*  In addition, Plaintiff argues that the ALJ's reliance on Plaintiff's activities of daily living ("ADLs") in finding that he can perform the RFC was improper.  *Id.* at pp. 5-6.  He argues that the ADLs do not support the determination that Plaintiff can perform light work or sedentary work, and that his testimony illustrated that his ADLs are more limited than as described by the ALJ.  *Id.*

In response, Defendant contends that the ALJ's findings are supported by the minimal testing and treatment that Plaintiff has received since his impairment began; that the ALJ properly relied on Plaintiff's generally normal clinical examination findings; that Plaintiff's ADLs support the RFC; and that the ALJ properly gave great weight to Dr. Wootan's opinion.  Dkt. No. 18, Def.'s Mem. of Law, pp. 3-5.  Defendant argues that Plaintiff cites evidence that he contends supports a more limited RFC, but that the Court should not reweigh the evidence, and that Plaintiff's arguments are not persuasive in any

event. *Id.* at pp. 6-9. Defendant also contends that Plaintiff's ADLs support the ALJ's determination; he contends that even if they did not, the ALJ did not rely solely on those ADLs but also on Plaintiff's conservative treatment, his physical examinations, and Dr. Wootan's opinion. *Id.* at p. 9.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an

impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### C. Plaintiff's *Pro Se* Status

Given that Plaintiff is proceeding *pro se* the Court is mindful of its obligation to "engage in a 'searching inquiry' when deciding whether substantial evidence supports an administrative fact finding, whether or not a *pro se* litigant is perceptive enough to identify a specific evidentiary deficiency." *Smith v. Comm'r of Soc. Sec.*, 2014 WL 3392336, at *4 (N.D.N.Y. July 10, 2014) (citing *Monette v. Astrue,* 269 Fed. Appx. 109, 110 (2d Cir. 2008)). In doing so, the Court has held Plaintiff's "pleadings to less stringent standards than formal pleadings drafted by lawyers" and has construed them "to raise the strongest arguments that they suggest." *Rose v. Comm'r of Soc. Sec.*, 202 F. Supp. 3d 231, 239 (E.D.N.Y. 2016) (internal quotations and citations omitted).

## III.  ANALYSIS

### A.  Whether the RFC is Supported by Substantial Evidence

The ALJ determined that Plaintiff had the RFC

> To perform light work as defined in 20 CFR 416.967(b).  [Plaintiff] can lift and or carry 20 pounds occasionally (10 pounds frequently).  He can sit for six hours in an eight-hour workday, stand and or walk for six hours in an eight-hour workday.  He can occasionally climb ramps and stairs but should never climb ladders and scaffolds.  He can occasionally balance and stoop but never kneel, crouch and crawl.  He should avoid reaching overhead but can frequently reach, push and pull in all other directions up to the limits of light work.

Tr. at p. 18.  In making this determination, the ALJ accorded Dr. Wootan's opinion "[g]reat evidentiary weight."  Tr. at p. 21.  Dr. Wootan's medical source statement provided that "[t]he claimant would have no restrictions regarding speaking, seeing, hearing, handling, reaching, and kneeling.  Mild restrictions with carrying and lifting and bending.  No restrictions with climbing stairs, walking, standing, or sitting."  Tr. at p. 320.  The ALJ's RFC is consistent with Dr. Wootan's opinion, and provides some additional restrictions, such as limiting Plaintiff's sitting, standing, walking, reaching, and kneeling.  The RFC is therefore supported by the record.

Plaintiff contends that the opinions of Dr. Caruso and FNP Miller preclude light work and should have been relied upon in determining Plaintiff's RFC.  Pl.'s Mem. of Law at pp. 3-4.  The ALJ gave little evidentiary weight to the opinion of FNP Miller "since she is not an acceptable medical source and her findings are inconsistent with the claimant's admitted activities of daily living and inconsistent with the unremarkable clinical record."  Tr. at p. 22.  Initially, although it appears that FNP Miller was Plaintiff's

treating provider, as a nurse practitioner, she was not an acceptable medical source for purposes of the ALJ's analysis. *Monette v. Colvin*, 654 Fed. Appx. 516, 518 (2d Cir. 2016) (summary order) (rejecting plaintiff's argument that ALJ committed error by attributing more weight to the opinion of the consulting psychologist than to the opinion of his treating nurse practitioner, because "a nurse practitioner is not an 'acceptable medical source' whose opinion is eligible for 'controlling weight' . . . and the weight attributed to [the opinion] was supported by the applicable regulatory factors.") (citations omitted); *Barnaby v. Comm'r of Soc. Sec.*, 2018 WL 4522057, at *7 (N.D.N.Y. June 6, 2018) (quoting *Genier v. Astrue*, 298 Fed. Appx. 105, 108 (2d Cir. 2008)) ("[A]n ALJ is 'free to consider' statements of other sources, such as nurse practitioners, in making her overall assessment; however, 'those opinions do not demand the same deference as those of a treating physician'"). It was thus within the ALJ's discretion to determine what weight to give to Ms. Miller's opinion. The ALJ explained that she gave her opinion little weight because she was not an acceptable medical source, her findings were inconsistent with Plaintiff's ADLs, and her findings were inconsistent with the evidence of record. Tr. at p. 22. The ALJ sufficiently explained her basis for providing Ms. Miller's opinion little weight.

As for Dr. Caruso's opinion, initially, the Court does not agree with Plaintiff's interpretation that his opinion would not allow for light work. Indeed, Dr. Caruso's opinion only provided a mild limitation with seeing; mild limitations with squatting; marked limitations for bending; moderate limitations for twisting; and mild to moderate limitations with kneeling. Tr. at p. 342; *Humes v. Comm'r of Soc. Sec.*, 2016 WL

11477504, at *10 (N.D.N.Y. Mar. 16, 2016), *affirmed sub nom. Humes v. Colvin*, 2016 WL 1417823 (Apr. 11, 2016) (rejecting argument that marked limitation in bending is inconsistent with light work).  In any event, the ALJ gave

> only partial evidentiary weight to Dr. Caruso's opinion since his narrative statements are inconsistent with his check off form assessment.  There is also no clinical indication that would support marked restrictions for bending.  Moreover, the limitations imposed for walking and standing are further inconsistent and poorly supported by the claimant's extensive activities of daily living . . . . It is further inconsistent with the unremarkable clinical record.

Tr. at p. 23.  The check off form provides that Plaintiff can sit, stand, and walk each for only one hour at a time without interruption and that in an eight-hour work day he can sit for a total of four hours, stand for a total of two hours, and walk for a total of three hours. Tr. at p. 345.  It also provides that he can only occasionally lift or carry up to 10 or 20 pounds and never more than that, and provided that he could only frequently perform activities utilizing his hands.  Tr. at pp. 344 & 346.  These findings do indeed appear inconsistent with Dr. Caruso's narrative opinion.  *Compare id. with* Tr. at pp. 342-343. The ALJ's determination regarding the opinion is well supported by the record.

The ALJ explained her rationale for giving weight to the opinion of Dr. Wootan and giving less weight to the opinions of Ms. Miller and Dr. Caruso; while Plaintiff cites evidence that he contends supports a finding that he is disabled, the Court will not reweigh the evidence in the record.  *Warren v. Comm'r of Soc. Sec.*, 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016), *report and recommendation adopted*, 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court 'will not reweigh the evidence presented at the

administrative hearing, . . . nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it.'") (quoting *Lefford v. McCall*, 916 F. Supp. 150, 155 (N.D.N.Y. 1996)); *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)). Instead, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. at 153.

### B. Whether the ALJ Improperly Relied on Plaintiff's Activities of Daily Living

Plaintiff contends that the ALJ misconstrues Plaintiff's ADLs, pointing out that while he drives, he needs to stop and walk around frequently. Pl.'s Mem. of Law at p. 5. He argues that although he testified that he prepares meals, does shopping, laundry, and household cleaning, he does so at his own pace while taking breaks and lying down as needed. *Id.* He explains that he normally takes his dog for a half mile to three-quarter mile walk and when he goes for a five mile walk he takes frequent breaks. *Id.* Plaintiff argues that he could not perform a full day of work with only the breaks typically tolerated. *Id.* at pp. 5-6. Upon review of the ALJ's discussion of Plaintiff's ADLs, the Court does not find that the ALJ materially misconstrued Plaintiff's testimony. In addition, the ALJ did rely upon a number of factors in finding him not disabled which would support her determination even in the absence of a consideration of Plaintiff's

ADLs, including the Plaintiff's conservative medical treatment and Plaintiff's unremarkable treatment record. Tr. at pp. 18-24; *see Alford v. Colvin*, 2013 WL 6839554, at *14-15 (N.D.N.Y. Dec. 27, 2013).

### C. Searching Inquiry of the ALJ's Determination

Because Plaintiff is *pro se*, the Court will briefly consider the ALJ's determinations to which Plaintiff did not raise any objections in his Motion. At step two, the ALJ found that Plaintiff's degenerative disc disease was a severe impairment. Tr. at p. 17. She also explained that Plaintiff has been evaluated and treated for hyperlipidemia, but it has been managed and has required no significant medical treatment, and no physician reported any work-related limitation due to this impairment. Tr. at pp. 17-18. She therefore found that this condition is nonsevere as it "establishes only a slight abnormality that would have no more than a minimal effect on the claimant's ability to meet the basic demands of work activity." Tr. at p. 17. This analysis is supported by the record, and the Court finds no error in this determination.

The ALJ also found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. at p. 18. The ALJ explained that the medical evidence of record does not document any findings indicating an impairment or combination of impairments severe enough to meet the criteria of any listed impairment, and that no medical source has mentioned findings or rendered an opinion that Plaintiff's impairments medically equal the criteria of any listed impairment. *Id.* The ALJ specifically considered Listing 1.04, finding the record does not demonstrate the specific criteria contained in that listing. *Id.* (detailing

- 12 -

the specific criteria required by Listing 1.04). The Court finds this conclusion is supported by substantial evidence.

Finally, the ALJ provided the Vocational Expert with a hypothetical that was consistent with the RFC, and the VE testified that there were jobs within the national economy that Plaintiff could perform. Tr. at pp. 25-26 & 72-74. The numbers of those jobs that the VE testified exist constitute significant numbers. *Id.*; *see Diane D. v. Saul*, 2020 WL 1044136, at *6 (N.D.N.Y. Mar. 4, 2020) (collecting cases finding that job numbers of 9,000 or 10,000 were significant). As such, the Court does not find any error in the ALJ's Step Five determination.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**; and it is further

**ORDERED**, that Plaintiff's Complaint is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Dated: June 30, 2020
       Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge